# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:10cv263

| | |
|---|---|
| **JERRY JEROME HARRIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| (FNU) MIDFORD, Nurse, Marion ) | |
| Correctional Institution; ) | |
| (FNU) CHAPMAN, Nurse, Marion ) | |
| Correctional Institution, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

On November 4, 2010, Plaintiff filed the instant Complaint. He alleges that between October 8 and October 28, 2010, Defendants failed to adequately monitor his elevated blood pressure, failed to refill a prescription for his anti-hypertension medication, and failed to respond to his request for treatment for his dry skin. (Id. at 4-5). Based upon the foregoing, Plaintiff asks the Court to make "the medical staff . . . pay for [his] medical ageny [sic]." (Id. at 7).

It is far from clear whether Plaintiff will be able to recover on his allegations. Nevertheless, out of an abundance of caution, the Court finds that Defendants should be required to respond to Plaintiff's claims of deliberate indifference. In addition, Defendants are directed to address the initial question of whether Plaintiff's filing of an emergency grievance was sufficient to satisfy the exhaustion requirement set forth under 42 U.S.C. § 1997e.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk shall prepare process for Defendants and deliver it to the U.S. Marshal;

2. The U.S. Marshal shall serve process upon Defendants; and

3. Defendants shall file a response addressing whether Plaintiff's claims of deliberate indifference are properly exhausted as well as addressing the merits of those claims.

Signed: December 1, 2010

Robert J. Conrad, Jr.
Chief United States District Judge