UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10-cv-263-RJC

| | | |
|---|---|---|
| **JERRY JEROME HARRIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **(FNU) MIDFORD, Nurse, Marion** | ) | |
| **Correctional Institution; and** | ) | |
| **(FNU) CHAPMAN, Nurse, Marion** | ) | |
| **Correctional Institution,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff's Complaint under 42 U.S.C. § 1983 (Doc. No. 1); Defendants' Motion to Dismiss (Doc. No. 8); and Plaintiff's combined Motion to Strike and for an Extension (Doc. No. 12).

**I.    STANDARD OF REVIEW**

A case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by federal law by a person acting under color of state law. Section 1983 applies to violations of federal constitutional rights, as well as certain limited federal statutory rights. See Maine v. Thibotout, 448 U.S. 1 (1980); see also Gonzaga University v. Doe, 536 U.S. 273, 283 (2002) (holding that a right must be "unambiguously conferred" by a statute to support a Section 1983 claim). A pro se complaint in a proceeding in forma pauperis must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Title 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A, construed together, direct the Court to conduct an initial review of civil in forma pauperis actions by prisoners seeking relief from a governmental entity or employee and identify cognizable claims, or to dismiss the complaint, or parts thereof, at any time the court determines that the action fails to state a claim on

which relief may be granted. The Court's review of this matter reflects that Plaintiff's Complaint must be dismissed for his failure to exhaust his administrative remedies.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2010, Plaintiff filed the instant civil rights Complaint. (Doc. No. 1). Although the Complaint does not set forth specific allegations, liberally construed, it tends to allege that between October 8 and October 28, 2010, Defendants subjected Plaintiff to deliberate indifference by their failures to adequately monitor his blood pressure, to re-fill a prescription for his anti-hypertension medication, and to respond to his request for treatment for his dry skin. (Id. at 4-6). However, on November 18, 2010, Plaintiff filed a Verified Statement conceding that he did not exhaust his administrative remedies for his claim. (Doc. No. 3). Additionally, on December 17, 2010, Defendants filed a Motion to Dismiss Plaintiff's Complaint for his failure to exhaust his administrative remedies. (Doc. No. 8). Finally, on January 4, 2011, Plaintiff filed a combined Motion to Strike and for an Extension. (Doc. No. 12). Plaintiff's Motion again concedes his failure to exhaust his administrative remedies; nevertheless, it also asks the Court to grant Plaintiff time in which to amend his Complaint to allege that his administrative remedies will be exhausted upon the completion of his pending grievance process, and to strike Defendants' Motion to Dismiss for his failure to exhaust. (Id).

## III. DISCUSSION

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In Porter v. Nussle, 534 U.S. 516, 532 (2002), the Supreme Court held that the PLRA's exhaustion requirement "applies to all inmate suits about prison life . . . ."

In Woodford v. Ngo, 548 U.S. 81 (2006), the Supreme Court stated that "[p]risoners must exhaust all 'available' remedies, not just those that meet federal standards." Id. at 85. The Supreme Court explained in Woodford that proper exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits.)" Id. at 90 (internal quotation marks and citation omitted). Thus, exhaustion is mandatory, and unexhausted claims cannot be litigated in federal court. Jones v. Bock, 549 U.S. 199, 211 (2007).

Consequently, a prisoner does not comply with the mandatory requirements of 42 U.S.C. § 1997e(a) by exhausting his remedies during the course of litigation; exhaustion must occur prior to the filing of the lawsuit, or the case must be dismissed. See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (The PLRA requires that "prisoners . . . exhaust such administrative remedies as are available prior to filing suit in federal court."); Green v. Rubenstein, 644 F.Supp.2d 723, 743 (S.D.W.Va. 2009) ("The plain language of the statute [] makes exhaustion a precondition to filing an action in federal Court . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.") (quoting Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)). North Carolina prisoners can satisfy the exhaustion requirement by completing all three of the steps of the inmate grievance process, which culminates in the rendering of a decision upon the prisoner's appeal by the North Carolina Inmate Grievance Resolution Board. See North Carolina Department of Corrections, Division of Prisons' Administrative Remedy Procedure, Policy .0310 (explaining three-step grievance procedure).

Here, Plaintiff has twice conceded his failure to exhaust his administrative remedies before filing this action. Therefore, Plaintiff's Complaint must be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's combined Motion to Strike and to Amend (Doc. No. 12) is **DENIED**;

2. Defendants' Motion to Dismiss for Plaintiff's failure to exhaust his administrative remedies (Doc. No. 8) is **DISMISSED as moot**;

3. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED without prejudice**; and

4. The Clerk shall send copies of this Order to Plaintiff and to counsel for Defendants.

Signed: April 26, 2011

Robert J. Conrad, Jr.
Chief United States District Judge